M. E. CLARKE AND OTHERS v. C. J. KOEHLER.

1—This court has repeatedly decided that original plaintiffs in a suit can not sell out their interest *pendente lite*, and make of their vendees new parties to the suit. This kind of champertous speculation will not be tolerated.

2—The appeal in this case was taken, not by an original party, but by a purchaser *pendente lite* of the plaintiff's interest. *Held*, that the appeal should be dismissed.

3—A purchaser of real estate is not chargeable with notice of an adverse equitable title in heirs, simply by reason of the fact that the ancestor of the heirs, six years before the purchaser acquired title, died in possession of the land—it not being proved that the purchaser knew that fact at the date of his purchase.

APPEAL from Harris. Tried below before the Hon. George R. Scott.

This is a suit brought in the District Court of Harris county,

on the 31st day of January, 1861, by Mary E. Clarke and her husband, Robert Clarke. She sues as an heir of John McCormack Church, against C. J. Koehler, for her interest in a part of a lot of ground in the city of Houston, described as twenty feet front on Congress street, by a depth of hundred and twenty-five feet, being the western part or side of lot No. 12, in block No. 20, in the city of Houston; and, also, for the rents and profits thereof, for unlawful occupancy.

At the Spring term (1867) there was a trial, and on the special issues submitted by the court and answered by the jury, the court not being able to render a judgment, the cause was ordered to be tried anew.

W. H. Church, one of the heirs, makes himself a party, May 11th, 1867, and claims his interest.

In answer to the plea of defendant that the plaintiffs had sold their interest in the land to W. P. Hamblin, the latter answered, setting forth the facts, and making himself a party to prosecute.

There was a trial at the Fall term (1868) of the court, and verdict and judgment for defendant, Koehler. A motion for a new trial was overruled; whereupon, W. P. Hamblin, the beneficiary, gave notice of appeal.

The facts proved on the trial are concisely stated as follows:

1. That J. McCormack Church died on February 5th, 1853, intestate, leaving M. E. Clarke, (formerly Church,) Horace J. Church and William H. Church, his children.

2. That previous to his death he had bargained for the land in controversy with W. R. Baker, and had paid a portion of the purchase money; that he went into possession of the same, and was occupying the same as a store when he died.

3. That shortly after his death his widow, Mrs. M. E. P. Church, drew, from money he had left on deposit with Shepard & Burke, one hundred dollars and paid the balance of the purchase money, and February 10th, 1853, took a deed in her own name, antedated as of 4th of September, 1852, to the land.

4. That Buckner bought, April 2d, 1858, of Mrs. M. E. Church, and Koehler bought of Buckner, March 28th, 1859, and is now in possession, and has made valuable improvements, and has paid State taxes thereon.

5. Value of land, $2000; of improvements, $9000.

6. That Horace J. Church is dead, intestate, and leaves no children.

7. That W. P. Hamblin has bought the interest of the two heirs, with power to continue the suit.

*W. P. Hamblin,* for the appellants.—The appellants contend that the following is the law of the case:

1. That John McCormack Church, the ancestor of Mary E. Clarke, Horace J. Church and William H. Church, at the time of his death, had an estate in the property sued for, inheritable at law; and that at his death the said estate vested immediately in his heirs, of whom they were, and could not be divested except by their act, or the act of some one for them duly authorized. (Ansley *v.* Baker, 14 Texas, 613; Chubb *v.* Johnson, 11 Texas, 469; Blair v. Cisneros, 10 Texas, 40; Bufford v. Holloman, 10 Texas, 571; Greenleaf's Cruise on Real Property, vol. 2, ch. 2, title 29, Descent, § 3, note 2, and cases there cited; Rice v. White, 8 Hammond, 216; Avery v. Dufrees, 9 Hammond, 145, Ohio Reports; Potter v. Potter, 1 Vesey, 437; Greenleaf's Cruise, title 29, Descent, ch. 3, § 9; Paschal's Digest, Art. 1373.)

2. The ancestors aforesaid being seized in fact of the land and in actual possession at the time of his death, such seizure and possession descended to his heirs aforesaid, without the necessity of entry after death of the ancestor, but they can bring their suit at any time before they are barred by limitation. Hilliard on Real Property, vol. 1, pp. 82, 85; vol. 2, p. 184; Ridge v. Taylor, 4 Mass., p. 546; 2 Blackstone, 111, §§ 176, 177; Greenleaf's Cruise, vol. 2, p. 143, title 29, Descent, ch. 3, § 4; Id., § 11; Angel on Limitation, § 343, note 6, and §§ 344, 345, 346, 372, 384, and note 2,

pp. 378, 389 ; Smith v. Lorillard, 10 Johns. R., p. 338 ; Peters'
U. S. Rep., p. 742 ; Barr v. Graty, 4 Wheaton, p. 213.

3. The heirs aforesaid being seized and in possession by
virtue of their ancestor's seizin and possession, such possession
therefore was equivalent to the notice afforded by registration,
and all subsequent purchases from Mrs. Church or otherwise
were affected by it, and the heirs must recover. (McCaskle v.
Amarine, 12 Ala., p. 17; Dixon v. Locaste, 1 Smedes v.
Marsh, Miss. R., 70, 107, and cases there cited ; Daniels v.
Davidson, 16 Vesey, 249 ; Watkins v. Edwards, 23 Tex., 448 ;
Wethered v. Boon, 17 Tex., 143 ; Kent's Commentaries,
vol. 4, p. 385.

4. Horace J. Church having died, they are entitled to recover
his interest proportionally. Further, the deed from Baker to
M. E. Church bore date previous to the death of John M. Church.
This fact was notice that it was community property. It was a
presumption in law that Buckner and Koehler could not ignore.
And therefore the court below erred in not granting a new trial on
the facts adduced on the trial and the law applicable to the same.

*Henderson & Whitfield,* for the appellee. — The appellee,
Koehler, is a purchaser for a valuable consideration and *bona
fide,* and if there was any fraud upon the part of his vendor it
can not affect his rights, unless it had been shown that he was
a party to the fraud. (Pierson v. Tom, 1 Tex., 577.)

The main point upon which the appellant relies and hopes
to obtain a reversal of the judgment of the court below is, that
John Church died in possession of the land, which was con-
structive notice of title in him.

In the case of Woods v. Farmere, 7 Watts, 382, the principle
is asserted that, apart from any registry, possession ought to
put the purchaser on inquiry. Possession, said Chief Justice
Sharkey, is evidence to creditors and purchasers of the convey-
ance ; or, at least, is so strong a circumstance that it is now
uniformly regarded as sufficient evidence of notice. (1 Smedes
& Marshall, p. 107.)

These principles are all quoted in the decision of Watkins v. Edwards, 23 Tex., 449. The cases above cited differ from this in a very material point, and that is, that those opinions are based upon the fact that the purchasers had notice of the possession, but in this Koehler had no such notice. John M. Church died six years previous to his purchase, and no notice of Church's possession was ever brought home to him.

In the case of Wethered's administrator v. Boon, 17 Tex., p. 143, the learned judge, in delivering the opinion, says that constructive notice is where the party, by any circumstance whatever, is put upon inquiry, which amounts in judgment of law to notice.

We insist that there was no circumstance that put Koehler upon inquiry. In searching the record of deeds the title in Mrs. Church was perfect. A deed of gift from Baker to her made the land *prima facie* her separate property, and as such she conveyed it.

It will be seen that the appellee deraigns title from Mrs. Mary E. P. Church, the mother of the appellant. The appellants deraign title from their ancestor, John McCormack Church, and upon the pleadings in this case the appellee was not required to show title at all, being in possession of the land by a deed duly recorded from Buckner—being the only evidence introduced on the trial. Take all the testimony offered by the appellant, and could he recover against Koehler? We say not. No title was shown to have ever existed in J. M. Church or his vendors. The appellants claim title as the heirs of John M. Church. Did they show title in their ancestor or his vendors? The mere possession at the time of his death, of which the appellee had no notice, is no such title as to enable the heirs to recover; he may have been a renter, a trespasser, or a tenant at will.

WALKER, J.—On the 13th day of January, 1861, Mary E. Clarke and her husband, Robert Clarke, brought suit in the District Court of Harris county, to recover possession of a cer-

tain lot of ground in the city of Houston. At a subsequent term of the court, Wm. H. Church, one of the heirs of J. McCormack Church, made himself a party plaintiff to the suit, and it is made to appear that Mrs. Clarke, Wm. H. Church and Horace J. Church were the only children of J. McCormack Church, who died intestate on the 5th of February, 1850, and that Horace J. Church died intestate, leaving neither wife nor child, and that his brother and sister were his heirs-at-law. Pending the suit, Mrs. Clarke and her husband, and also Wm. H. Church, sold all their interest in the land in controversy to W. P. Hamblin, but their names continued on the record as plaintiffs until a trial was had in the District Court, which resulted in favor of the defendant; from which, the record says, that William P. Hamblin appealed. We have repeatedly decided that the original plaintiffs to an action can not sell out their interest *pendente lite*, and make new plaintiffs to the suit. This court has not, nor will it, allow this kind of champertous speculation to maintain a footing in the courts of the State. On this point alone we should dismiss the appeal; but we think it due to the parties that we should decide this case as well upon other questions raised upon the record.

The plaintiffs, as the children of J. McCormack Church, claim that their father, in his lifetime, had bargained for the lot in question from one Wm. R. Baker, and that he was in possession of the lot at the time of his death; that their mother, Mrs. Mary E. Church, paid for the lot out of their father's means, after his death, and took a deed in her own name, giving it a fraudulent date anterior to their father's death. It does not appear that J. McCormack Church ever had title to the lot in controversy, though it is admitted that he was in possession some six years before the date of the defendant's deed, and at the time of his death, together with his wife, Mary E. Church. It appears from the statement of facts that on the 4th day of September, 1852, Wm. R. Baker executed a deed of gift to Mary E. Church for the lot sued for, and that her husband died the 5th of February, 1853. On the second

day of April, 1858, Mary E. Church, for a valuable considera-
tion, sold and deeded the lot to B. P. Buckner; Buckner
deeded the same lot for a valuable consideration to the defend-
ant, Koehler, on the 28th of March, 1859. The deeds were all
regularly recorded.

The plaintiffs in ejectment (or trespass to the title) must
recover upon the strength of their own title, but they must
deraign from the sovereign of the soil down to themselves, or
they must show such an equitable title as is good in them
against all other outstanding or opposing equities. In this
case they certainly show no legal title. To make out their
equities they begin by charging their mother with a fraud
upon them in obtaining title in her own name for property
which she paid for out of their father's money, and took a deed
antedated to defraud her own children. It would not help the
plaintiffs' case one particle if all his scandal were true. Koeh-
ler is an innocent purchaser, without notice of any fraud on the
part of Mrs. Church, if she committed any; and it would be
going a great ways beyond where this court is willing to go, to
charge him with notice of any equity in these children, simply
from the fact that their father was in possession about six
years before the date of Koehler's deed, and it not being ever
proven that Koehler knew this at the time he purchased from
Buckner.

For the reasons given, we dismiss the suit at the costs of
appellants.

Dismissed.